UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DAVID JEREL JENNINGS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:25-CV-134-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTINE HILLIARD, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate David Jerel Jennings has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Jennings's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (noting that the "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction," including "active interpretation" toward encompassing "any allegation stating federal relief" (cleaned up)).

Jennings challenges the Bureau of Prisons' ("BOP") calculation of his sentence, contending that he is entitled to credit towards his federal sentence for nearly two years he spent in state custody. *See* [R. 1, pp. 3, 7]. Jennings indicates that the BOP's Designation and Sentence Computation Center ("DSCC") recently determined that he is not entitled to this credit or a *nunc pro tunc* designation. *See* [R. 1-2, pp. 4–5]. Jennings states that he did not file any formal

grievances challenging that determination. *See id*. at 3-4. He contends that it would be futile to do so. *See* [R. 1-2, p. 2].

Jennings filed his petition prematurely because he did not begin, let alone complete, the BOP's administrative remedy process before seeking habeas corpus relief under Section 2241. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Leslie v. United States*, 89 F. App'x 960, 961 (6th Cir. 2004) ("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241." (citation omitted)). Requesting a sentence calculation from the DSCC is not a formal grievance or appeal. *See generally* BOP Program Statement 1330.18 (Jan. 6, 2014). Sentence calculations are not excepted from the administrative remedy process. *See* 28 C.F.R. § 542.14(d). DSCC sentence calculations represent, at most, an informal explanation to the inmate setting forth its reasons why an inmate's sentence has been calculated as it has. If the inmate believes DSCC's calculations are incorrect, he must *then* begin the formal administrative remedy process. Nor is there any basis to conclude that challenging the DSCC's calculations would be futile, particularly where Jennings seeks a discretionary grant of a *nunc pro tunc* designation from BOP administrators. Because petitioner admits that he has not begun the process of formally exhausting his claims and because it is plain that he is not excused from doing so, the Court denies the petition upon initial review. *Luedtke v. Berkebile*, 704 F. 3d 465, 466 (6th Cir. 2013).

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Jennings's petition, **[R. 1]**, is **DENIED** without prejudice.
2. This matter is **STRICKEN** from the docket.

- 3 -

This the 31st day of July, 2025.

                                          CLARIA HORN BOOM,
                                          UNITED STATES DISTRICT COURT JUDGE
                                          EASTERN AND WESTERN DISTRICTS OF
                                          KENTUCKY